A. O. & A. A. TRAMMELL, plaintiffs in error, *vs.* R. H. & J. E. MARKS, defendants in error.

A bill was filed, alleging that in 1868 the complainants had purchased of defendants a tract of land, described in the deed as containing three hundred and fifty acres, more or less, for $5,000 00, half of which was paid in cash, and the balance secured by note and mortgage, of which there was still due $1,250,00, and that proceedings were pending for the foreclosure of the mortgage; that the defendants had falsely and fraudulently represented said tract to contain three hundred and fifty acres, and complainants had bought the same on the faith of their said representations; that complainants had, by a recent survey, ascertained that the said tract did not contain more than two hundred and sixty-four acres. The bill further alleged that the defendants were insolvent, and prayed an injunction of the proceedings to foreclose—a cancellation of the deed to them—and the mortgage—a decree for the money they had paid, and that the land be declared subject to the decree.

*Held,* That, as there was no allegation in the bill to show that the prime quantity of three hundred and fifty acres of land was such an ingredient in the trade as could not be compensated by recouping the value of the deficiency against the amount still due, there was no ground for the rescinding the trade. And as the remedy at law by plea was complete for the deficiency, equity has no jurisdiction of the matter.

Rescinding contracts.    Before Judge WRIGHT.    Meriwether Superior Court.    August, 1871.

The necessary facts are in the head-note.

W. D. TRAMMELL; B. H. BIGHAM, by T. H. WHITAKER, for plaintiffs in error.

E. H. WORRILL; GEORGE L. PEAVY, for defendants.

McCAY, Judge.

There was no error in refusing this injunction. There is nothing in the bill to the effect that the precise quantity of land mentioned in the deed was such an ingredient in the original purchase as that the whole transaction ought, for the failure, to be set aside. A Court of equity will not interfere to stay proceedings at law, and set aside a contract for the

simple reason that one of the parties has told an untruth or broken his warranty.   Ordinarily, parties will be left to their legal remedies.   To justify the interference of equity to set aside the contract, it must appear that the facts are such as that damages cannot compensate the wrong; that there was some special object in the contract, which cannot, under the facts as they really are, be attained; and, the object of the contract having failed, it would not be equitable to hold the complainant to that part of it which is in accordance with the agreement.

It does not appear but that the deficiency in land may not be fully compensated by a reduction upon the money yet due.   This can be done just as well at law as in equity; and a Court of law having got jurisdiction, we see no reason for equitable interference.

Judgment affirmed.